REBECCA DAVID *vs.* JAMES E. LENNON.

Middlesex. November 7, 1917. — January 5, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Poor Debtor. Officer. Notice.*

Where a judgment creditor lives on the ground floor of a three apartment house, if a notice by the judgment debtor, who had been arrested in poor debtor proceedings and had recognized with surety, that he desired to take the oath for the relief of poor debtors, was placed by a constable upon a large unused ice chest belonging to the judgment creditor in the common hall on the ground floor, which had, besides the front door, three doors leading from it, two to the creditor's apartments and one to the common water closet, and from which a common stairway led to the second floor, such notice was not served upon the creditor by leaving it at his last and usual place of abode and does not satisfy the requirements of R. L. c. 168, § 34.

TORT against a constable of the city of Cambridge for a false return upon a notice of desire by a judgment debtor, one Louis Fuhrman, to take the oath for the relief of poor debtors. Writ dated May 2, 1912.

In the Superior Court the action was heard by *Brown,* J., without a jury.. The plaintiff was the judgment creditor, who obtained his judgment against Fuhrman on December 3, 1910, for $2,000 debt or damages and $52.28 costs. Other material facts and the terms of the report by the trial judge are set forth in the opinion.

The case was submitted on briefs.

*J. J. Foley,* for the defendant.

*H. T. Richardson & B. H. Greenhood,* for the plaintiff.

CARROLL, J. The defendant is a constable of the city of Cambridge. This action is for a false return of service on a notice to take the oath for the relief of poor debtors. The plaintiff recovered judgment against Louis Fuhrman, execution issued against him, he was arrested and recognized with surety. On March 22, 1911, he applied to take the oath for the relief of poor debtors and a notice was issued to the plaintiff, returnable April 7, 1911. The defendant made return that he had served the notice on the creditor (the plaintiff in this action), on April 4, 1911, "at

8 o'clock and 5 minutes P. M., . . . by leaving an attested copy at the last and usual place of abode." On April 7, 1911, the creditor did not appear and the oath for relief was given.

The plaintiff lived on the ground floor of a three apartment house. The common hall on the ground floor had, besides the front door, three doors leading from it, two to the plaintiff's apartment and "one to the common water closet." There was a common stairway leading from this hall to the second floor. On the night of April 4 this hallway was not lighted, the defendant "could see nothing, and had no means for striking a light." He rapped at the door, and receiving no response, tried to put the notice under the door. Being unable to do so, he found a large unused ice chest belonging to the plaintiff, which the defendant supposed was a table, and placed on it a copy of the notice in a sealed envelope. The plaintiff never received the copy of the notice and knew nothing about it until after the oath was administered to Fuhrman.

The trial judge found and ruled that the service of the notice was not made at the last and usual place of abode of the plaintiff and found for her in the sum of $2,830.94. The case was reported solely on the question "Whether my finding and ruling relative to the service, as above set forth, was correct."

When a debtor is arrested and taken before a magistrate, if he desires to take the oath for relief of poor debtors, an attested copy of the notice of the time and place fixed for the examination, must be served on the creditor by giving such copy to the creditor or his agent, or attorney, or by leaving such copy at the last and usual place of abode "of the plaintiff or creditor, or his agent or attorney." R. L. c. 168, §§ 33, 34. It was said in *Slasson* v. *Brown*, 20 Pick. 436, 440, "It is essential to the rights of parties that they should have proper notice of all proceedings affecting their interests. This principle lies at the foundation of all our proceedings in courts of justice." There was no personal service in the case at bar and the copy of the notice was not served at the last and usual place of abode of the creditor. It was left in the common hallway which was occupied by other tenants of the apartment block, and where the creditor did not have the right of exclusive possession. "The mere fact that the summons is left under the same roof where a person lives, does not make it a service at

his last and usual place of abode. . . . To make such a service valid, it must be left in the part of the house which the defendant inhabits and frequents; or it is not duly served upon him, as being left at his last and usual place of abode." *Fitzgerald* v. *Salentine*, 10 Met. 436, 438.

It follows that according to the terms of the report, judgment is to be entered for the plaintiff on the finding.

*So ordered.*